UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 06-82-HRW

HAROLD MITCHELL WOODS,                                    PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on August 18, 2004, alleging disability beginning on March 27, 2003, due to shoulder, arm and hand problems and arthritis (Tr. 70, 75). This application was denied initially and on reconsideration.

On November 15, 2005, an administrative hearing was conducted by Administrative Law Judge James Quinlivan (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 225-245, 248-249, 249-250, 252-254), as did his mother-in-law. June Bonderheide (Tr. 245-248). At the hearing, Gina Baldwin, a vocational expert (hereinafter "VE"), also testified (Tr. 249, 250-252, 254-256).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional

capacity and vocational factors, he is not disabled.

On December 13, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-22). Plaintiff was 41 years old at the time of the hearing decision (Tr. 13). He has two years of post high school education (Tr. 13). His past relevant work experience consists of work as a refinery outside operator / pipe fitter and deckhand (Tr. 13, 76, 228-230).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 21).

The ALJ then determined, at Step 2, that Plaintiff suffered from neck and shoulder pain, multiple surgeries on the left elbow, obesity with shortness of breath upon exertion, near-sightedness and remote bilateral ankle fractures which he found to be "severe" within the meaning of the Regulations (Tr. 21).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21). In doing so, the ALJ specifically considered the provisions within listings 1.00 and 2.00 (Tr. 15).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 21) but determined that he has the residual functional capacity ("RFC")

to perform a significant range of light work (Tr. 21). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 21-22). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 6, 2006 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 15 and 16] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's main contention on appeal is that the ALJ erred in discounting the opinion of his treating physician, Dr. T. Robert Love.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In this case, the ALJ rejected Dr. Love's opinion that Plaintiff was unable to lift, raise arms, push or pull or do any repetitive work, thus precluding even light

level work (Tr. 18, 186-187) because the record, including Dr. Love's own treatment notes, simply does not support such restrictive findings. In doing so, the ALJ pointed out that although the evidence shows that , following an injury in the 1990s, Plaintiff experienced bouts of shoulder pain and discomfort, there is no evidence of ongoing, permanent impairment which would preclude work activity. For example, in July 1999, Dr. Love noted that Plaintiff was "doing great" (Tr. 163). Further, in December 1999, Dr, Love saw Plaintiff for complaints of shoulder weakness and opined that Plaintiff was improving and could return to "full-duty" in 4 weeks (Tr. 162). Dr. Love's records for the year 2000 reveal only slight discomfort in Plaintiff's shoulder (Tr. 161).

In addition, the record reveals a prolonged gap in treatment for these alleged impairments. Plaintiff did not seek medical treatment from Dr. Love from October 2000 until **after** he filed the instant application for disability benefits. Again, this gap in treatment belies Plaintiff's claim of disabling impairment.

As for Dr. Love's statement, "[Plaintiff] is disabled, " the ALJ was correct in disregarding this conclusory remark. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work

in some capacity other than her past work.  *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

As the ALJ noted, Dr. Love's opinion is not supported by the medical evidence of record.  Therefore, the Court finds that the ALJ did not err in discounting the assessment of Dr. Love.

Plaintiff also contends that the hypothetical posed by the ALJ to the VE was inaccurate and, thus, inappropriate.  Specifically, Plaintiff argues that had the limitations suggested by Dr. Love been incorporated into the hypothetical, the ALJ would have found him to be disabled.  The Defendant argues that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations.  *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987).  This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible.  *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypothetical posed accurately portrays the RFC as formulated based upon the objective medical evidence.  The record is devoid of credible medical evidence suggesting functional limitations beyond those found by

the ALJ. Given the objective medical evidence in the record, the hypothetical was factually supported by the evidence of record and, thus, the response thereto constitutes substantial evidence in support of the ALJ's decision.

Finally, in his submission to the Court, Plaintiff refers to medical records relating to a December 21, 2005 surgery. Although Plaintiff does not suggest a remand for the consideration of new medical evidence, given that these records pertain to a procedure which occurred following the administrative hearing, as well as the ALJ's decision, the Court will construe Plaintiff's citation to the same as an argument for remand pursuant to sentence six of 42 U.S.C. §405(g), which provides:

> The court . . . may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727

F.2d 551, 554 (6th. Cir. 1984). While it is not, generally, difficult for a party seeking remand to show that evidence is new, it is, generally, onerous to demonstrate that the new evidence is material.

In the instant case, while the evidence is "new" in that it did not exist at the time of the hearing, it is not "material" as it is not relevant to the period of time under adjudication by the ALJ. *See, e.g.,* Wyatt v. Secretary of Health and Human Services, 974 F.2d 680, 685 (6th Cir. 1992).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 13, 2007.



Signed By:
Henry R Wilhoit Jr.
United States District Judge

9